UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

LYNN BESS, III                              CIVIL ACTION NO. 3:12-cv-2039
    LA. DOC #318225
VS.                                         SECTION P

                              JUDGE ROBERT G. JAMES

WARDEN BURL CAIN                            MAGISTRATE JUDGE KAREN L. HAYES

MEMORANDUM ORDER

*Pro se* petitioner Lynn Bess, III, a prisoner in the custody of Louisiana's Department of Public Safety and Corrections, who is incarcerated at the Louisiana State Penitentiary,  submitted a hand-written document to the Clerk of Court which was dated June 26, 2012**,** mailed on July 25, 2012, and received and filed by the Clerk on July 30, 2012.  This document asserted that petitioner was "... not satisfied with the decision of the lower courts..."[1] and therefore he indicated a desire to "appeal the decision ... to this Hon. Western District Court." He requested a stay pending exhaustion of unspecified post-conviction claims, and complained that he was being harassed by the prison's inmate counsel, and that he was otherwise denied access to the prison's law library. [Doc. 1] Since the document, read liberally, complained of a state-court conviction, it was construed as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. §2254; and, since the petitioner failed to submit his pleading on the form approved for such purposes and mandated by Rule 3.2 of this District, and, since he failed to either pay the filing fee or submit

---

[1] Petitioner seeks review of decisions of the Fourth Judicial District Court, Ouachita Parish, under Docket Number 07-F3173-1, the Louisiana Second Circuit Court of Appeals under Docket Number 45,358-KA, and the Louisiana Supreme Court under Docket Number 2010-KO-2368

the appropriate form seeking *in forma pauperis* status,[2] he was directed by the undersigned on August 2, 2012 to amend his pleadings to comply with Rule 3.2 on or before September 4, 2012. [Doc. 3]

In another letter directed to the Clerk of Court dated August 20, 2012, which was mailed on September 4, 2012, and received and filed on September 6, 2012 petitioner requested "additional time to amend the pleadings" and also requested appointment of counsel. He re-urged his request for a stay and his complaints concerning inmate counsel at the Louisiana State Penitentiary. [Doc. 4]

### Local Rule 3.2 of the Western District

Petitioner's civil action remains deficient. He has not corrected the violations of Rule 3.2 as noted above by submitting his *habeas corpus* claims on the appropriate forms; nor has he paid the filing fee or sought *in forma pauperis* status. He cannot proceed in this court until he has thoroughly and completely complied with the Memorandum Order of August 2, 2012, and his continued failure to comply will result in his pleadings being stricken from the record.

### Appointment of Counsel

While there is no Sixth Amendment right to appointed counsel for prisoners mounting collateral attacks on their convictions or sentences (see *Pennsylvania v. Finley*, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987);  *Wright v. West*, 505 U.S. 277, 293, 112 S.Ct. 2482, 120

---

[2] Local Rule 3.2 provides in part, "Every complaint filed by a prisoner who is not represented by an attorney ... seeking a writ of *habeas corpus* under ... 28 U.S.C. §2254 shall be typed or legibly written on forms supplied by the court and signed by the prisoner... Complaints that do not comply with this rule and which are not corrected after notice may be stricken by the court ... The court, after notice, may strike all complaints that are not accompanied by either a filing fee or a proper *in forma pauperis* form..."

L.Ed.2d 225 (1992) (no Constitutional right to counsel in *habeas corpus* proceedings); *Johnson v. Hargett*, 978 F.2d 855, 859 (5th Cir.1992)) the court may nevertheless appoint counsel to represent an inmate pursuing federal *habeas corpus* relief.  See 28 U.S.C. § 2254(h);  Rules 6(a) and 8(c), Rules Governing Section 2254 Cases in the District Courts;  and 18 U.S.C. §3006A. Of course, should the court ultimately determine that an evidentiary hearing is necessary, the court must appoint counsel;  but until such time, the decision on whether or not to appoint counsel rests in the sound discretion of the trial court.  *United States v. Vasquez*, 7 F.3d 81, 84 (5th Cir.1993). In resolving this issue, the court should consider both the legal and factual complexity of the case along with petitioner's ability to prepare and present his claim.  *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir.1994). See *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir.1991) (holding that in the context of  a civil rights case, the court should base the decision to appoint counsel on many factors, including the type and complexity of the case; the plaintiff's ability to adequately investigate and present his case; the presence of evidence which consists of conflicting testimony so as to require skill in presentation of the evidence and cross-examination; and the likelihood that appointment will benefit the plaintiff, the court, and the defendants).

The undersigned finds that at this time, petitioner has failed to demonstrate that his case is so legally or factually complex that he is unable to adequately investigate and present his claims, and, the decision on whether or not to convene an evidentiary hearing has not yet been made, and, indeed, cannot be made on the record currently before the court.

### *Stay of Proceedings*

Petitioner has suggested that he is in need of a stay in order that he may properly exhaust

unspecified claims which he has filed or intends to file in post-conviction proceedings in the Louisiana courts. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified the jurisprudential rule mandating exhaustion of state court remedies (28 U.S.C. § 2254(b)(1)); provided for a 1-year period of limitations for state prisoners seeking collateral review of their convictions and sentences (28 U.S.C. §2244(d)); and, placed restrictions on the filing of successive habeas corpus petitions (28 U.S.C. §2244(b)).

As petitioner is apparently aware, before seeking federal *habeas corpus* relief, state prisoners must first exhaust available state court remedies, by fairly presenting their federal Constitutional claims to the state's courts thereby giving those courts an opportunity to pass upon and correct any Constitutional violations. 28 U.S.C. § 2254(b)(1). The prisoner must fairly present all of his federal claims in each appropriate state court, including the state supreme court even if that court exercises only discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004).

*Habeas* petitions presenting unexhausted claims must ordinarily be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Stays are designed to ensure that state *habeas* petitioners do not run afoul of the limitations period and the prohibition against successive petitions codified by the AEDPA as noted above. As stated in *Rhines*, however:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court

determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ('An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State').

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Petitioner has not articulated any of the claims he seeks to raise in this Court and therefore it is impossible to determine whether any of his proposed claims remain unexhausted, are time-barred, or even whether they are otherwise meritorious.  Based on the record currently before the Court, it appears that a stay is not appropriate for the following reasons:

First, the instant petition as it stands today,  unlike the petition in *Rhines*, is not a "mixed petition" containing some exhausted claims and some claims that were not exhausted.  Indeed, petitioner has failed to allege **ANY** claims which would entitle him to *habeas corpus* relief; otherwise, he has merely implied that he intends to raise some unspecified claims in some pending or proposed state-post conviction proceeding.

Second, from the information thus far supplied, it does not appear that petitioner necessarily "run[s] the risk of forever losing [his] opportunity for any federal review of [his] unexhausted claims... " (*Rhines* at 275, 125 S.Ct. 1528) should this Court deny the motion for stay.  Stay and abeyance of a mixed petition might be appropriate if a state prisoner was faced with losing the ability to assert  his *habeas* claims based upon the expiration of the AEDPA's 1-year  period of limitations codified at 28 U.S.C. §2244(d).  This 1-year  period generally runs from the date that the conviction and sentence became final by the conclusion of direct review or the expiration of the time for seeking further direct review.  Petitioner has provided insufficient

information to allow the Court to determine whether or not his unspecified *habeas* claims are in danger of being time-barred if a stay is not authorized.  Indeed, having raised **NO** claims for relief, it is impossible to say whether petitioner intends to submit a "mixed" petition in the first place.

Finally, petitioner has not shown good cause for failing to exhaust state court remedies prior to filing this suit.

### ORDER

Therefore,

Petitioner is ordered to comply with the August 2, 2012, memorandum order and submit his properly executed *habeas corpus* petition on the form provided to him within 30 days of this date; he is further ordered to submit the $5.00 filing fee or a properly executed application to proceed *in forma pauperis* within 30 days of this order.  Petitioner should also provide a detailed memorandum to establish that he is entitled to the stay that he requests. **PETITIONER'S FAILURE TO COMPLY WILL RESULT IN THE DISMISSAL OF HIS ACTION AND THE STRIKING OF HIS PLEADINGS.**

Further, petitioner's **REQUEST FOR APPOINTMENT OF COUNSEL** and for a **STAY OF THESE PROCEEDINGS** are **DENIED.**

In Chambers, Monroe, Louisiana, September 6, 2012.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE