UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **LYNN BESS, III** | **CIVIL ACTION NO. 3:12-cv-2039** |
| **LA. DOC #318225** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN BURL CAIN** | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM ORDER**

On July 30, 2012, Lynn Bess, III, a prisoner in the custody of Louisiana's Department of Corrections, filed a pleading which was construed as a deficient petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254. [Doc. 1] He was notified of the deficiency and on October 14, 2012, he cured the deficiency and filed a petition and accompanying memorandum. [Doc. 9] Thereafter he filed a motion to amend and an amended petition asserting different claims. [Doc. 24] Petitioner attacks his 2010 conviction for car-jacking, his subsequent adjudication as an habitual offender, and the life sentence imposed thereafter.[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28

---

[1] Petitioner filed a series of motions and related pleadings after his original filing. On September 6, 2012, he moved for stay and abeyance of his habeas petition [Doc. 4] On the same date, that motion was denied. [Doc. 5] His September 24, 2012, Motion for Reconsideration [Doc. 6], was denied on September 26, 2012. [Doc. 8] On October 5, 2012, he appealed these orders to the District Judge [Doc. 14] and on November 5, 2012, the District Judge denied the appeal and affirmed the order denying stay and abeyance. [Doc. 17] On November 26, 2012, plaintiff filed a Notice of Appeal [Doc. 19] and a Motion for Certificate of Appealability (COA). [Doc. 21] On November 28, the COA was denied by the District Judge [Doc. 22] and petitioner's appeal was lodged in the Fifth Circuit Court of Appeals under Docket Number 12-31208. Petitioner then requested permission from the court to file an amended petition. [Doc. 24] On April 4, 2013, the Fifth Circuit dismissed his appeal for lack of jurisdiction. *Lynn Bess, III v. Burl Cain, Warden*, No. 12-31208. [Doc. 28]

U.S.C. §636 and the standing orders of the Court.

## *Background*

Petitioner was found guilty as charged of car-jacking in July, 2009. He was subsequently adjudicated a fourth felony offender and sentenced to serve life without parole. He appealed his conviction to the Second Circuit Court of Appeals arguing (1) sufficiency of the evidence and (2) erroneous denial of a *Batson* challenge based on the State's discriminatory use of peremptory challenges. On August 11, 2010, his conviction was affirmed. *State of Louisiana v. Lynn Bess*, III, 45,358 (La. App. 2 Cir. 8/11/2010), 47 So.2d 524, rehearing denied September 16, 2010. His application for writs, filed on August 23, 2010, was denied by the Louisiana Supreme Court on February 25, 2011. *State of Louisiana v. Lynn Bess, III,* 2010-2368 (La. 2/25/2011), 58 So.2d 456. His motion for reconsideration was denied on April 8, 2011. *State of Louisiana v. Lynn Bess, III*, 2010-2368 (La. 4/8/2011), 61 So.2d 673.

Petitioner filed a *pro se* application for post-conviction relief on February 24, 2012. He argued four claims for relief: (1) Petitioner's right to confront witnesses and his right to due process were violated when the court relied upon the report of the sanity commission to determine petitioner's capacity to stand trial; (2) the trial court failed to arraign petitioner on the habitual offender bill; (3) the trial court erred in accepting a computer printout into evidence to establish his habitual offender status and appeal counsel was ineffective for failing to argue this issue on appeal; and, (4) ineffective assistance of trial counsel. [Doc. 24-1, pp. 2-47] On March 7, 2012, the District Court denied relief. [Doc. 24-1, pp. 48-55]

Petitioner applied for writs to the Second Circuit Court of Appeals. [Doc. 24-2] On June 14, 2012, the Court of Appeals denied writs. [Doc. 24-3, pp. 1-3] On July 11, 2012, he applied

for writs in the Louisiana Supreme Court. [Doc. 24-3, pp. 4-44] On October 26, 2012, the Supreme Court denied writs without comment. [Doc. 24-3, pp. 45-46]

On July 30, 2012, petitioner filed a pro se hand-written pleading that was construed as a deficient petition for habeas corpus. [Doc. 1] Petitioner was directed to amend his petition to comply with local court rules [Doc. 3] and on October 4, 2012, he filed a conforming petition raising the claims he raised on direct appeal, namely (1) insufficiency of the evidence and (2) *Batson* violation with regard to the State's use of peremptory challenges. [Doc. 9 and 9-1] On January 3, 2013, he filed a motion to amend his petition to add as claims for relief the four claims raised during his post-conviction litigation. [Doc. 24]

*Order*

Preliminary review of the pleadings and exhibits suggests that the petitions are timely filed and that petitioner has exhausted available State court remedies. Therefore,

Petitioner's Motion for Leave to Amend/Correct [Doc. 24] is **GRANTED**; and, in order to determine an appropriate remedy,

**THE CLERK IS DIRECTED** to prepare summons and serve a copy of

1. The petitions for writ of *habeas corpus* and accompanying memoranda [Doc. 1, Doc. 9 AND Doc. 9-1, and Doc. 24[2]] by **CERTIFIED MAIL** on:

(1) The Attorney General for the State of Louisiana, and,

(2) Warden Burl Cain

by **REGULAR FIRST CLASS MAIL** on:

---

[2] **THE CLERK NEED NOT SERVE THE EXHIBITS [DOCS. 24-1, 24-2, AND 24-3 AS THOSE DOCUMENTS ARE AVAILABLE TO THE RESPONDENT VIA CM/ECF.**

(3) The District Attorney for the Fourth Judicial District Court, Ouachita, Parish, Louisiana, where petitioner was convicted and sentenced;

**IT IS ORDERED** that respondent, through the District Attorney, file within **forty (40) days** after the date of service of summons:

1. An answer to the petition.

(a) **The answer shall state whether petitioner has exhausted state remedies**, including any post-conviction remedies available to him under Louisiana law, by properly presenting to the Supreme Court of Louisiana <u>all</u> issues raised in this petition. **If respondent claims that petitioner has failed to exhaust his state remedies, respondent shall state whether petitioner has any available procedural vehicle by which he may present his claims to the state courts, and if not, respondent shall present applicable case law as to whether this court should reach the merits of the claims. <u>If respondent contends that petitioner has procedurally defaulted on any ground presented in this petition, respondent should raise the defense of procedural default.</u>**

**<u>Respondent shall also address whether the claims presented herein are cognizable on federal *habeas* review, and if they are not cognizable, respondent shall present applicable case law as to why the claims are not properly before this court.</u>**

**Respondent should also state whether petitioner demonstrates that any of the claims presented herein have been adjudicated in state court proceedings which resulted in: (1) a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See, 28 U.S.C. § 2254(d) as amended by § 104(d) of the AEDPA.**

**Respondent should also state whether petitioner has rebutted by clear and convincing evidence any factual determination made by a state court and which is presumed to be correct in this proceeding. See, 28 U.S.C. § 2254(e)(1), as amended by §104(e) of the AEDPA.**

    (b)    In the event the State contends that it has been prejudiced in its ability to respond by petitioner's delay in filing or that the petition is a second or successive petition under 28 U.S.C. § 2254, the State shall set forth such contentions with particularity.

    (c)    **Respondent is further ordered to specifically address whether the filing deadlines contained in 28 U.S.C. § 2244(d)(1), (as amended by Section 101 of AEDPA), are applicable to this proceeding and bar review of petitioner's claims.**

2.    A memorandum brief of law in support of all issues raised in the answer, citing relevant Fifth Circuit authority and <u>referring to the pertinent page numbers</u> in the state court record in support of the answer. **A COPY OF THE BRIEF FILED IN STATE COURT <u>WILL</u> <u>NOT</u> BE DEEMED SUFFICIENT IN THIS PROCEEDING.**

3.    A certified copy of the state court record, including transcripts of all proceedings held in the state courts;

4.    A certified copy of all documents, including all briefs or memoranda of any party, filed in connection with any appeal, application for post-conviction relief, or writ application presented to any and all state, district courts, appellate courts or the Louisiana Supreme Court; and

5.    Certified copies of, or citations to, all state court dispositions, including the Louisiana Supreme Court decision pertaining to the conviction under attack.

**The pages of the records shall be arranged in chronological sequence, securely bound together and numbered consecutively (handwritten numbers are acceptable). An index describing each item of the records sent and showing each item's page number shall also be attached.**

In the event the District Attorney is unable to produce any of the above documents, he shall advise this court in writing why he is unable to produce them.

**IT FURTHER IS ORDERED** that petitioner is allowed twenty (20) days following the

5

filing of each respondent's memorandum in which to file any response he wishes to present to this court.

After the record is complete and all legal delays have run, the court will determine the necessity of an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will issue without further notice.

**IT FURTHER IS ORDERED** that, as a condition to their acceptance by the Clerk, all future filings by petitioner or respondent shall include a certificate indicating that a copy thereof has been furnished to the other parties.

In Chambers, Monroe, Louisiana, May 3, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE